# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46148-0-II |
| Respondent, | |
| v. | |
| JOHN R. RING, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. — John Ring appeals his conviction for first degree possession of stolen property.[1]  He argues that there was insufficient evidence to support his conviction because the State failed to prove that the market value of the stolen property exceeded $5,000.  We agree. Accordingly, we reverse and dismiss Ring's conviction for first degree possession of stolen property.[2]

## FACTS

On May 17, 2012, someone stole a 2007 Yamaha Wave Runner and a trailer from the property of Ferdinand Schmitz.  William Kennedy testified that Ring stored the Wave Runner and trailer at Kennedy's property.  The State charged Ring with first degree possession of stolen property.

---

[1] Ring also was convicted of bail jumping, but does not challenge that conviction on appeal.

[2] Ring also argues that there was insufficient evidence to support his conviction because the State failed to prove that he "concealed" the stolen property and that defense counsel was ineffective because counsel failed to make a discovery request for a police report before trial.  Because we reverse based on insufficiency of evidence of market value, we do not address these issues.

At trial, the to-convict instruction for first degree possession of stolen property required the State to prove that the value of the stolen property exceeded $5,000. The jury instructions defined "value" as "the market value of the property at the time and in the approximate area of the act." Clerk's Papers (CP) at 37.

Sean Haskins, a claims adjuster for Safeco Insurance Company, testified that the insurance settlement for the Wave Runner and trailer was $13,800. Haskins also testified that Safeco had sold the Wave Runner and trailer for $4,400 at a subsequent auction. However, there was no evidence as to whether the $13,800 payment or $4,400 payment constituted the property's market value and the State did not provide any other evidence regarding market value.

The jury found Ring guilty of first degree possession of stolen property. Ring appeals his conviction.

ANALYSIS

Ring argues that the State failed to present sufficient evidence that the market value of the Wave Runner and trailer exceeded $5,000. We agree.

The test for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Homan,* 181 Wn.2d 102, 105, 330 P.3d 182 (2014). In a sufficiency of the evidence claim, the defendant admits the truth of the State's evidence and all reasonable inferences drawn from that evidence. *Id.* at 106. Credibility determinations are made by the trier of fact and are not subject to our review. *State v. Miller*, 179 Wn. App. 91, 105, 316 P.3d 1143 (2014). Circumstantial and direct evidence are equally reliable. *Id.*

Under RCW 9A.56.150, the State was required to prove that Ring possessed stolen property exceeding $5,000 in value to convict Ring of first degree possession of stolen property. "Value" means "the market value of the property or services at the time and in the approximate area of the criminal act." RCW 9A.56.010(21)(a). "Market value is the price that a well-informed buyer would pay to a well-informed seller." *State v. Ehrhardt*, 167 Wn. App. 934, 944, 276 P.3d 332 (2012). Market value need not be proved by direct evidence. *Id*. However, evidence of value other than market value, such as replacement cost, is inadmissible unless it is first shown that the property has no market value. *Id.* The determination of market value involves the application of an objective standard, not the value of property to any particular person. *See State v. Hermann*, 138 Wn. App. 596, 602, 158 P.3d 96 (2007).

At trial, the State presented the testimony of Haskins, the Safeco claims examiner, to establish the market value of the trailer and Wave Runner. Haskins testified that Safeco paid an insurance claim to the Wave Runner's owner in the amount of $13,000 for the Wave Runner and $800 for the trailer. However, Haskins did not testify regarding the terms of Safeco's insurance policy with the owner or whether Safeco's payment was based on market value of the Wave Runner or the trailer.

This evidence was insufficient to allow the jury to reasonably infer that the amount Safeco paid to the Wave Runner's owner was at or near the market value of the stolen property. Because there was no evidence regarding the terms of the insurance policy, the jury would have had to speculate whether the policy provided for payment of the original purchase price, replacement cost of a new Wave Runner, market value, or some other value. The insurance payment may have been evidence of some type of value, but it was not evidence of *market* value.

3

No. 46148-0

Accordingly, the jury could not have reasonably concluded beyond a reasonable doubt that the market value of the Wave Runner and trailer was at or around $13,800.

Haskins also testified that after the Wave Runner and trailer were recovered, they were sold at auction for $4,400. The fact that Safeco sold the property at auction for $4,400 is evidence that the market value of the property was *that* amount. But there was no testimony or other evidence that the auction price was below market value. Therefore, the jury would have had to speculate in order to determine that the actual market value was higher than $4,400.

Although we view the evidence in a light most favorable to the State, here the State did not present sufficient evidence from which a reasonable jury could conclude that the value of the stolen property exceeded $5,000. Therefore, we reverse and dismiss Ring's conviction for first degree possession of stolen property.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.


We concur:

_____
WORSWICK, P.J.

_____
SUTTON, J.

4